IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JANIS K. LINARES, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **3:07-CV-117 (CDL)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The plaintiff herein filed an application for disability insurance benefits and Supplemental Security Income benefits on February 23, 2004.[1]  The application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge, which was held on November 28, 2005.  On February 9, 2006, the ALJ denied plaintiff's claim.  The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner.  The plaintiff subsequently filed an appeal to this court.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the

---

[1] As noted by the ALJ, Plaintiff filed previous applications that resulted in a denial of her claims by another ALJ on December 17, 2003 (Tr. 17 n.1, 878). Plaintiff did not appeal the prior ALJ's decision, which became final and binding. See 20 C.F.R. §§ 404.955, 416.1455.

Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

   20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ determined that plaintiff had a "severe" impairment of degeneration of the right shoulder, but that does not prevent plaintiff from being able to perform a range of light exertional work limited to only occasional use of the right arm, including her past relevant work.

*Treating Physician*s

Plaintiff states that the ALJ improperly discounted the opinions of plaintiff's treating providers, Dr. Jarrett and Dr. Ryals regarding plaintiff's mental condition, and Dr.Sailor regarding plaintiff's ability to walk.  The Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).  Where the medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented, the treating physician's opinion cannot be discounted.  Scnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).  Moreover, the ALJ cannot substitute his opinion for that of a medical expert.  Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

However, a treating physician's opinion that a plaintiff is disabled or unable to work is not

conclusive; the ALJ must make a disability determination based upon the medical findings and other evidence. Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990). The opinion of a physician, even a treating physician, may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. See 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-2p.

Although Dr. Jarrett and Dr. Ryles indicated Plaintiff had depression, anxiety, and panic disorder, diagnoses do not establish that an individual has functional limitations. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a condition], of course, says nothing about the severity of the condition."); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("a psychological disorder is not necessarily disabling. There must be a showing of related functional loss.").

As the ALJ noted, Dr. Jarrett merely checked boxes on a form and did not offer any explanation for his opinion other than to note Plaintiff's diagnoses (Tr. 23, 317-18). See Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). Moreover, the record appears to contain only a few notes from Dr. Jarrett, and his notes do not indicate Plaintiff had any lasting mental problems (Tr. 435-41). Even if Plaintiff had some attention/concentration and memory problems when initially evaluated, neither Dr. Jarrett's notes nor the other evidence in the record indicates that her symptoms or possible limitations lasted for any consecutive twelve-month period. See 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 404.1509, 416.905(a), 416.909; Barnhart v. Walton, 535 U.S. 212, 217 (2002) (holding that a claimant's impairments and inability to work must last for a continuous period of at least twelve

months).

As to Dr. Ryles, the ALJ noted that Dr. Ryles' treatment notes only reflect Plaintiff's subjective complaints without any examination findings or test results that would support his opinion (Tr. 23-24, 319-21, 336-38, 517-39). Plaintiff reported family issues, but Dr. Ryles' records do not indicate she had work-related functional limitations due to her mental condition (Tr. 518-39). Dr. Ryles failed to provide evidence to support his opinion, and his clinical notes and conservative treatment of Plaintiff provide substantial evidence to support the ALJ's decision to reject Dr. Ryles' opinion.

Moreover, the ALJ noted that the findings of the state agency psychological consultants also undermine the opinions of Dr. Jarrett and Dr. Ryles (Tr. 23, 255-67). See 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b)(6), 416.913(c), 416.927(f)(2); SSR 96-6p, 61 Fed. Reg. 34,466, 1996 WL 374180. State agency consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if their opinions are supported by the evidence. See 20 C.F.R. §§ 404.1527(f)(2)(I), 416.927(f)(2)(I); SSR 96-6p. In July and November 2004, state agency psychological consultants concluded Plaintiff did not have a severe mental impairment (Tr. 255, 267). Their assessment is supported by the medical findings and consistent with the record as a whole, and thus provides additional evidence undermining the opinions of Dr. Jarrett and Dr. Ryles. See 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(d), (f)(2), 416.912(b)(6), 416.913(c), 416.927(d), (f)(2); SSR 96-6p; Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).

Plaintiff first visited Dr. Sailors in February 2004 with complaints of claudication in legs (Tr. 229, 543). Dr. Sailors performed further testing and referred Plaintiff for surgery, and on

March 15, 2004, John Barton, M.D., performed bilateral aortograms and stent placement in Plaintiff's legs (Tr. 229, 235, 239- 41, 416, 422-23, 541-42, 544-46, 583-85). Plaintiff had some resolution of her claudication symptoms, but her symptoms persisted in her left leg and on June 14, 2004, Dr. Sailors performed left femoral revascularization on her left leg (Tr. 246-48, 412-15, 443-44, 547-55).

When Plaintiff returned on July 20, 2004, Dr. Sailors noted that she had done well post surgery and her claudication symptoms had resolved (Tr. 412). When Plaintiff returned on April 5, 2005, Dr. Sailors noted that he had reviewed an arteriogram with Dr. Barton and concluded Plaintiff had no significant stenosis in the bypass graft, which was functioning nicely (Tr. 412, 417-21, 606-12). Dr. Sailors noted Plaintiff had some occlusive disease in her right leg, but he also noted she was not having lifestyle limiting issues (Tr. 412). Dr. Sailors concluded no active intervention was needed and merely recommended that Plaintiff continue her antiplatelet medication, exercise, and return in six months to restart a surveillance program (Tr. 412). Dr. Sailors completed documents for Plaintiff to obtain a disabled person's license plate and parking permit on September 20, 2005, which included his opinion regarding her ability to walk, but the record does not indicate that he examined her on that date or anytime thereafter (Tr. 445-46).

The ALJ found that Dr. Sailors had offered his opinion that plaintiff must rest after walking as little as 200 feet, but offered no basis in support of that opinion. (Tr. 24). The ALJ concluded that opinion was not entitled to great weight, given the lack of support for the opinion and the fact that the treatment notes showed that her leg condition was generally resolved within months of treatment (Tr. 21).

*Listing*

Plaintiff contends her impairments met or equaled "Section 1.00" of the Listing of Impairments. (Pl.'s Mem. of Law 16-20.) See 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00. However, section 1.00 is not a listing. Section 1.00 contains introductory information and criteria relevant to the specific musculoskeletal listings, which are found in sections 1.02 through 1.08. See 20 C.F.R. §§ 404.1525(c), 416.925(c); 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 1.02-1.08. In any event, Plaintiff failed to meet her burden of proving that her impairments met or equaled any of the musculoskeletal listings. See 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d).

To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." see 20 C.F.R. §§ 404.1525, 404.1526, 416.925, 416.926; Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar impairment." Id. at 531. "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." Id.

Plaintiff instead argues she had back and leg impairments that satisfied a musculoskeletal

7

listing.  Plaintiff may be arguing that her impairments met or equaled Listing 1.04, which requires a disorder of the spine resulting in compromise of a nerve root (including the cauda eqina) or the spinal cord with the additional criteria in subsections A, B, or C. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. Plaintiff, however, failed to prove that she had a severe impairment involving her spine (Tr. 21). See 20 C.F.R. §§ 404.1520(c), 404.1525(c)(2), 416.920(c), 416.925(c)(2).  Plaintiff also failed to show that she had a back impairment that resulted in "compromise of a nerve root (including the cauda eqina) or the spinal cord," as required by the first sentence of Listing 1.04. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. Plaintiff provided no x-ray or other appropriate medically acceptable imaging evidence that she had impingement of a nerve root or the spinal cord. See 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 1.00C1, 1.00K, 1.04. An MRI scan from before her alleged onset date revealed no impingement or stenosis (Tr. 144).

 Plaintiff's failure to provide evidence of compromise of a nerve root or the spinal cord is alone sufficient to show that her impairments did not meet or equal Listing 1.04. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; Zebley, 493 U.S. at 530-32; Wilkinson, 847 F.2d at 662. Moreover, Plaintiff failed to prove that her impairments met or equaled all of the criteria in any of the subsections of Listing 1.04.

Plaintiff also contends her mental condition in combination with her musculoskeletal impairment met or medically equaled "the listings." (Pl.'s Mem. of Law 20-21.) Plaintiff argues that her impairments "partially met" Listings 12.04 and 12.06.

Plaintiff alleges numerous mental symptoms, but the clinical notes of Dr. Ryles and Dr. Jarrett do not indicate she had the symptoms required by subsection A of Listings 12.04 or 12.06

for any relevant length of time (Tr. 435-41, 518-39). See 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06. The other medical records also do not indicate that Plaintiff satisfied the requirements of subsection A of Listings 12.04 or 12.06. See id.

Moreover, the record does not show that Plaintiff had the marked functional limitations required by subsection B of Listings 12.04 or 12.06. See id. Plaintiff simply failed to provide medical evidence proving that her impairments met or equaled Listing 12.04 or 12.06.

*Credibility*

Plaintiff asserts that the ALJ improperly discounted her complaints of disabling pain and other symptoms.   Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability. Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is

critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

The ALJ specifically addressed plaintiff's credibility, and found that the objective medical evidence did not confirm the severity of the alleged pain or other subjective symptoms.  In support of this, the ALJ pointed to the history of conservative treatment, consisting of taking Aleve for her pain.

The ALJ noted that the record showed that Plaintiff performed household chores, went shopping, drove, read, watched television, attended church once a month, socialized with friends, played bingo and cards, and traveled to North Carolina three or four times a year (Tr. 19-20, 104-07, 884-87, 891-94, 896-98).

Plaintiff appears to argue that the ALJ relied on the few activities she does on a daily, weekly, or monthly basis to discount her testimony.  The ALJ did rely in part on plaintiff's admitted activities, which while not extensive, showed that she was not disabled as claimed.  The ALJ also relied on the medical evidence in the record, both from her treating physicians and from the agency physicians, as well as the lack of medical evidence that would support her claim of total disability.

Even if the court finds that the evidence preponderates against the Commissioner's decision, the court must affirm the Commissioner's decision if the decision is supported by substantial evidence. Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003).   The court may

not reweigh the evidence, and consequently finds that the determination by the ALJ that plaintiff's symptoms were not as severe as alleged was based upon substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd  day of February, 2009.


               //S Richard L. Hodge
               RICHARD L. HODGE
msd             UNITED STATES MAGISTRATE JUDGE